# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CITY OF WAUWATOSA MUNICIPAL
COURT,

                    Plaintiff,                Case No. 21-CV-253-JPS

v.

ERIC RYAN THOMPKINS,                              **ORDER**

                    Defendant.

Defendant Eric Ryan Thompkins ("Defendant"), proceeding *pro se*, removed this matter from the City of Wauwatosa Municipal Court (the "municipal court"), and he filed a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a party to proceed without paying the $402 filing fee, the Court must first decide whether the party has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). Upon screening the party's case, the Court must dismiss the case if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Order addresses Defendant's motion for leave to proceed without prepaying the filing fee and screens his case.

## 1.     MOTION TO PROCEED IN FORMA PAUPERIS

On the question of indigence, although Defendant need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion,

would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In his motion,[1] Defendant avers that he is unemployed, unmarried, and has no dependents. (Docket #2 at 1). He has no source of income, and he owns neither a home nor a car. (*Id.* at 2–3). The Court accepts that Defendant is indigent. However, the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING STANDARDS

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint,

---

[1] In support of his motion to proceed without prepaying the filing fee, Defendant submitted the same financial-information form that he submitted for his other pending cases before this Court. Thus, the case caption on the motion is incorrect.

the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 555–56).

3.      **RELEVANT ALLEGATIONS**

This case arises from an action filed against Defendant in the municipal court, wherein Defendant was adjudicated guilty of a civil "operating while intoxicated" offense (the "OWI") in November 2007. (Docket #4 at 3–4).[2] As a result of being found guilty of the OWI, it appears that Defendant was fined $1,000.00, which he was required to pay in order have his driver's license restored. (*Id.* at 4).

On February 25, 2021, Defendant filed a "notice of removal" to the U.S. District Court for the Eastern District of Wisconsin. (Docket #1). Defendant did not attach a copy of the municipal-court docket. He provided only a copy of the Wauwatosa Police Department's (the "police department") incident report (dated September 15, 2007) and a series of emails Defendant exchanged with the police department and the municipal court whereby Defendant sought to obtain copies of his police records. (Docket #1-1 at 1–12). The Court learned from the clerk of the municipal court that Defendant provided no notice of removal to the municipal court; the municipal court has no record of removal on its docket.

Before this Court, Defendant brings two "motion[s] for order for Rule 60 B." (Docket #4, #5). Defendant argues that the City of Wauwatosa

---

[2] Defendant provided almost none of the record of this proceeding to the Court. The Court contacted the clerk of the municipal court to determine what offense Defendant was charged with and the outcome of the proceeding.

Case 2:21-cv-00253-JPS    Filed 07/30/21    Page 3 of 6    Document 6

(the municipal court and/or the police department) violated his Fourth and Fifth Amendment rights by (1) conducting a warrantless stop, and (2) failing to provide Defendant with "proper notice of trial." (Docket #4 at 2–3). Defendant's requests for relief include that the Court (1) void the municipal court's judgment against him pursuant to Federal Rule of Civil Procedure 60(b)(4); (2) award Defendant $1,000.00; and (3) clear Defendant's arrest, police, and driving records. (*Id.* at 3–4).

4.     **ANALYSIS**

The Court is obliged to give Defendant's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, the Court has very little factual basis upon which to review Defendant's case.

To the extent that Defendant is asking the Court to review and void the municipal court's judgment of guilt against Defendant, this Court lacks jurisdiction to do so. The *Rooker-Feldman* doctrine provides that "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). Thus, lower federal courts are prohibited from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Defendant's judgment in state court arose from a civil action, and this Court is prohibited from reviewing it.

Viewed with a liberal reading, Defendant's filings arguably amount to an original civil rights action brought under 42 U.S.C. § 1983, rather than a removal action with accompanying motions. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a

right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Defendant has provided the Court with next to no factual allegations as to state a claim for relief. Defendant writes that his constitutional rights were violated, but he does not explain how he was unlawfully pulled over in his vehicle or how he was denied due process of law. Thus, Defendant has failed to state a claim for relief.

5.    **CONCLUSION**

For the reasons stated herein, Defendant's case will be remanded to the City of Wauwatosa Municipal Court, and his motion for leave to proceed *in forma pauperis* will be denied as moot. The Court will also deny Defendant's pending motions, (Docket #4, #5), as moot.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **REMANDED** to the City of Wauwatosa Municipal Court;

**IT IS FURTHER ORDERED** that Defendant's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Defendant's motions "for Order for 60 B" (Docket #4, #5) be and the same are hereby **DENIED as moot**.

The Clerk of the Court is directed to take all appropriate steps to effectuate the remand of this case back to the City of Wauwatosa Municipal Court.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2021.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge